**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONRADO AGUSTIN LOPEZ, ) | |
| ) | |
| ) | Case No. 1:26-cv-11519 |
| Petitioner-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTONE MONIZ, Superintendent of Plymouth ) | |
| County Correctional Facility; ) | |
| DAVID WESLING, Field Office Director of ICE ) | |
| ERO in the Boston Field Office; ) | |
| PATRICIA HYDE, Acting Field Office Director; ) | |
| DAVID VENTURELLA, Acting Director, U.S. ) | |
| Immigrations and Customs Enforcement; ) | |
| TODD BLANCHE, Acting U.S. Attorney General; ) | |
| and MARKWAYNE MULLEN, U.S. Secretary ) | |
| of Homeland Security, ) | |
| ) | |
| Respondents-Defendants. ) | |

**PETITIONER'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO
THE EQUAL ACCESS TO JUSTICE ACT**

Petitioner, through undersigned counsel, respectfully moves this Court for an award of

attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d), and states as follows:

1

## I. INTRODUCTION

1. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his immigration detention. On April 2, 2026, this Court granted Petitioner's requested relief by granting the petition in part, thereby materially altering the legal relationship between the parties and rendering Petitioner the prevailing party in this litigation.

2. Because Petitioner prevailed in a civil action against the United States and because Respondents' position was not substantially justified, EAJA requires an award of reasonable attorney's fees and expenses incurred in litigating this matter. Accordingly, Petitioner seeks attorney's fees in the amount of $250.00 per hour for a total of 9.5 hours, for a total award of $2,375.00. This is based on the work completed, as broken down by date and hour: 3/31/26: Review detention documents and custody history 1.5 hours; 3/31/26: Research jurisdiction and detention authority 2.0 hours; 3/31/26: Draft habeas petition 4.0 hours; 4/1/26: Review government response and determine if response is warranted 2.0 hours.

## II. LEGAL STANDARD

EAJA provides that:

"A court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of demonstrating that its position was substantially justified. *Castaneda-Castillo v. Holder*, 723 F.3d 48, 73 (1st Cir. 2013). To satisfy that burden, the government must establish that its position had a reasonable basis in both law and fact.

### III. ARGUMENT

**A.** Petitioner Was the Prevailing Party in a Civil Action.

Petitioner prevailed in this litigation when this Court granted habeas relief and ordered Judgment for the Petitioner against the Respondents.

A party prevails for purposes of EAJA when it obtains court-ordered relief that materially alters the legal relationship between the parties. Here, prior to this litigation Petitioner remained detained without the relief sought. Following this Court's order, Petitioner obtained a bond hearing.

Furthermore, immigration habeas proceedings constitute "civil actions" within the meaning of EAJA. Recently, the District of Massachusetts held that immigration habeas actions are civil actions for purposes of fee awards under EAJA and adopted the reasoning of the Second, Third, Ninth, and Tenth Circuits. *See Orrego v. Hyde*, No. 26-cv-10260-BEM (D. Mass. May 27, 2026). As the court explained, immigration detention proceedings are civil in nature and habeas proceedings challenging such detention are likewise civil actions eligible for EAJA fee awards.

Accordingly, Petitioner satisfies the threshold requirements for an award under EAJA.

**B.** Respondents' Position Was Not Substantially Justified.

Respondents' position lacked a reasonable basis in law and therefore was not substantially justified.

The First Circuit has made clear that the government bears the burden of establishing substantial justification and must demonstrate that both its pre-litigation conduct and litigation position had a reasonable basis in law and fact. *Castaneda-Castillo*, 723 F.3d at 73.

Here, Respondents maintained that Petitioner, despite being a member of the certified class in *Guerrero Orellana v. Moniz*, No. 25-cv-12664-PBS (D. Mass) was properly detained under 8 U.S.C. § 1225(b)(2). This Court rejected that position and granted habeas relief.

Moreover, at the time Respondents advanced their arguments, controlling or persuasive authority supported Petitioner's position. Specifically, in *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025) and *Romero v. Hyde*, 795 F. Supp. 3d 271 (D. Mass. 2025), this Court granted habeas relief to similarly situated petitioners challenging their detention under § 1225(b)(2). Respondents themselves recognized that Petitioner's claims were similar to those addressed in those cases and acknowledged if the Court followed its reasoning in *Martinez* and *Romero*, it would reach the same result. Given that authority, this Court ultimately determined it violated Petitioner's statutory and constitutional rights.

Where the government advances a position repeatedly rejected by the courts or otherwise lacking a reasonable basis in law, EAJA fees are appropriate. *See Orrego*, supra; *Castaneda-Castillo*, 723 F.3d at 73.

Because Respondents cannot meet their burden of demonstrating substantial justification, Petitioner is entitled to recover reasonable fees and expenses.

4

**C.** The Requested Fees and Expenses Are Reasonable.

EAJA authorizes attorney's fees above the statutory rate of $125 per hour where increases in the cost of living justify an enhanced rate. 28 U.S.C. § 2412(d)(2)(A). The First Circuit has approved use of the Consumer Price Index to calculate cost-of-living adjustments. *Castaneda-Castillo*, 723 F.3d at 76-77.

Based upon the Consumer Price Index applicable to the Boston region, Petitioner requests compensation at the adjusted hourly rate of $250 per hour. Counsel's fee is a flat fee for representation. Counsel may maintain internal time records for purposes of any future fee petition, EAJA application, or court-awarded fee request. Any statutory fee award shall belong to Counsel to the extent permitted by law and agreement with the client.

Counsel expended a total of 9.5 hours litigating this matter, including reviewing records, preparing the habeas petition, drafting supporting memoranda, communicating with the client, and reviewing Respondents' filings to determine if additional submissions should be required by the Court.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 22 day of June, 2026.

/s/    *Kevin MacMurray*
Kevin MacMurray